Steven M. Olson, Esq.
        State Bar No. 146120
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 104
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re                                             Case No. 86-11289
                                                  (Chapter 11)
FLOYD EVERETT SQUIRES, III,

        Debtor.
_____/

## DECLARATION OF DEBTOR

I, Floyd Everett Squires, III, declare:

1.      I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow.

2.      I am the Debtor in the above-captioned Chapter 11 bankruptcy case.

3.      I filed my Chapter 11 voluntary petition on August 8, 1986. The Court issued its order confirming the Debtor's Chapter 11 plan on October 29, 1987. A ture and correct copy of the order, plus the plan with pre-confirmation amendments, is attached hereto as Exhibit 1 and by this reference is incorporated herein.

4.      Class III(A) under the plan is the secured claim of IMCO Realty. IMCO Realty was the servicer for Wells Fargo Bank. The claim was secured by my residence located at 225 Wabash, Eureka, CA 95501. My plan set forth that the claim balance was $22,900. The repayment plan is for monthly payments in the amount of $166.03 per month (8% interest) until the debt is paid in full. The maturity of this debt will not occur until after November of 2017. (Thirty year amortization of $22,900, at 8% interest, would make the monthly payments $168.03, and thus the amortization term under the plan is

**DECLARATION OF DEBTOR** - Page 1

greater than 30 years.)

5.      I recall that via post-confirmation motion, IMCO Realty/Wells Fargo Bank was awarded fees of $21,000, to be allocated pro rata among the two classified secured claims of the claimant, payable at maturity of the classified secured claims. Thus, the portion of this $21,000 allocated to the classified claim secured by the Debtor's residence has not yet become due and payable, as this debt does not mature until after November of 2017.

6.      In 2011, Wells Fargo Bank refused to accept any further $166.03 payments from me. Wells Fargo Bank contends that the subject debt has matured. Wells Fargo Bank has commenced nonjudicial foreclosure, and its sale is scheduled for 10:30 a.m. on January 16, 2014. I have tried, without success to date, to persuade Wells Fargo that the debt under my confirmed plan has not yet matured.

7.      On January 15, 2014, I located counsel who is willing to represent me in the effort to enjoin Wells Fargo Bank from nonjudicial foreclosure of its asseted lien on my residence.

I declare under the penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: January 15, 2014

By: /S/ Floyd Everett Squires, III (via
    _____
    Floyd Everett Squires, III    scan and email)

**DECLARATION OF DEBTOR** - Page 2

# EXHIBIT 1

1 | MATHEWS & MATHEWS
Attorneys at Law
2 | Box 1325
Eureka, California 95501
3 | Telephone:  442-3758

4 | Attorneys for Debtor

5

6

7

8

9

10

11

12 | IN THE UNITED STATES BANKRUPTCY COURT FOR THE

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | In re

15 | FLOYD SQUIRES, III,
et al.,                                    No:  1-86-01289
16
Debtor.
17 | _____/

18 | ORDER CONFIRMING MODIFIED CHAPTER 11 PLAN OF REORGANIZATION
FILED BY THE DEBTOR, FLOYD SQUIRES, III, ON JULY 6, 1987
19 | AS MODIFIED BY THE AMENDMENT TO MODIFIED CHAPTER 11 PLAN
OF REORGANIZATION FILED ON JULY 7, 1987, THE SECOND AMENDMENT
20 | TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION FILED ON
30, 1987, THE FOURTH AMENDMENT TO MODIFIED CHAPTER 11 PLAN OF
21 | REORGANIZATION FILED ON JULY 30, 1987 AND AS FURTHER AMENDED AND
MODIFIED AT THE HEARING OF AUGUST 5, 1987, A COPY OF SAID
22 | AMENDMENT HAVING BEEN REDUCED TO WRITING AND APPROVED BY ALL
COUNSEL

23
It having been determined after hearing on notice that:
24
(1)     The  plan has been accepted in writing by creditors  and
25
equity security holders whose acceptance is required by law; and
26
(2)     The provisions of Chapter 11 of the Code have been

**F I L E D**

OCT 29 1987

PAUL C. KARNEY, JR., Clerk
U.S. BANKRUPTCY COURT-Santa Rosa

1

1  complied with; that the plan has been proposed in good faith and
2  not by any means forbidden by law; and

3  (3)    Each holder of a claim or interest has accepted the  plan
4  or will receive or retain under the plan property of a value,   as
5  of  the  effective date of the plan, that is not less  than   the
6  amount  that  such holder would receive or retain if  the  debtor
7  were  liquidated under Chapter 7 of the Code on such  date.    The
8  plan  does not discriminate unfairly, and is fair and equitable,
9  with respect to each class of claims or interest that is impaired
10  under, and has not accepted the plan; and

11  (4)    All  payments  made or promised by the debtor  or   by  a
12  person issuing securities or acquiring property under the plan or
13  by any other person for services or for costs and expenses, or in
14  connection  with, the plan and incident to the case,  have   been
15  fully  disclosed  to the court and are reasonable or,  if  to   be
16  fixed  after  confirmation of the plan, will be subject  to   the
17  approval of the court; and

18  (5)    IT IS ORDERED that:

19        (a)   The Modified Chapter 11 Plan of Reorganization filed
20  by the debtor on July 6, 1987 together with amendments, a copy of
21  which plan and amendments is attached hereto, is confirmed.

22        IT   IS FURTHER ORDERED that the court shall  review   this
23  order  of confirmation on February 3,  1988 at 9:00 A.M.   in   the
24  Bankruptcy  Court,  5th  & H Streets, Old Post Office  Building,
25  Eureka,  California.   The  debtor shall file a statement of   all
26  disbursements  made  pursuant  to the  plan  with  his   operating

ATHEWS & MATHEWS
ATTORNEYS AT LAW
P. O. BOX 1205
732 FIFTH STREET
UREKA, CALIFORNIA

1   reports  for  each month beginning with August of 1987 until  the

2   review   hearing  of  February  3,   1988.     The  statement    of

3   disbursements  made pursuant to the plan shall indicate the  date

4   of payment, the payee, and the amount of the payment.

5   Dated:                original signed by Judge Jaroslovsky

                    JUDGE OF THE BANKRUPTCY COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IEWS & MATHEWS
OHNEYS AT LAW
' O BOX 1373
JF FIFTH STREET
EKA, CALIFORNIA

3

Case: 86-11289   Doc# 251   Filed: 01/15/14   Entered: 01/15/14 15:48:15   Page 6 of
28



F I L E D
At_____o'clock &____min.____M

'JUL  7 1987

PAUL C. KARNEY, JR, Clerk
U.S. BANKRUPTCY COURT



1   Mathews & Mathews
2   Attorneys at Law
    P.O. Box 1325
3   Eureka, California 95501
    Telephone:  707-442-3758
4
    Attorneys for Debtor
5

6

7           IN THE UNITED STATES BANKRUPTCY COURT FOR THE

8                   NORTHERN DISTRICT OF CALIFORNIA

9   In re

10  FLOYD SQUIRES, III,                      No. 1-86-01289
    et al                                    Chapter 11
11

12          Debtor
                               /

13      AMENDMENT TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION

14      The debtor, Floyd Squires, III, makes the following amendment

15  to the Modified Chapter 11 Plan of Reorganization filed on July 6,

16  1987:

17  Page 6, line 2 through 3, Item I:

18  I.  Warren Fisher              $58,1000.00        Payable $675.00
                                                      per month.
19                                                    (11%)

20      Dated:  July 7, 1987.

21                               MATHEWS & MATHEWS

22                               BY:_____
                                 Attorney for Debtor
23

24  nj

25

26

                               1



1 │ MATHEWS & MATHEWS
   │ Attorneys at Law
2 │ Box 1325
   │ Eureka, California 95501
3 │ Telephone:  442-3758

4 │ Attorneys for Debtor



F I L E D
At_____o'clock &_____min.____M

JUL 3 6 1987

PAUL C. KARNEY, JR, Clerk
U.S. BANKRUPTCY COURT

8 │
9 │              IN THE UNITED STATES BANKRUPTCY COURT FOR THE
   │
10│                    NORTHERN DISTRICT OF CALIFORNIA
   │
11│ In re
   │
12│ FLOYD SQUIRES, III, et al.,
   │
13│     Debtor.                        No:  1-86-01289
   │                                   Chapter 11
   │ _____/

14│     SECOND AMENDMENT TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION
15│
16│         The  debtor, **Floyd  Squires,  III**,  makes the  following
   │ second amendment to **the modified Chapter 11 Plan of Reorganiza**-
17│ tion filed on July 6, 1987:
18│
   │         Page 5 line 5:
19│
20│         Under Article 8 **on** page 10, the debtor's skipped payments
   │ to the Internal Revenue Service shall accrue interest at the rate
21│ set forth in Internal Revenue Code Section 26 U.S.C. Section 66 1
22│ until  paid.    The  **debtor**  will make  monthly  payments  to  the
23│ Internal  Revenue  **Service** beginning with the first of the  month
24│ following the effective **date** of the plan.    Payments will be  due
25│ each month thereafter **on the** 1st of the month.
26│
   │         Page 3 lines **12-15**:

1

The debtor strikes out the following language and inserts a period after the word non-appealable. The language to be stricken is: "or the date on which the cash proceeds sufficient to satisfy payment of all claims as provided for by Article 4 of the plan have been received by the debtors, whichever date may be later."

Page 6, lines 2-3, item 1:

1. Warren Fisher $58,100.00 payable $675 per month (11%). The provision set forth in Article 8 on page 10 relating to skipped payments does not apply to this secured creditor.

Dated: July 29, 1987

KENNETH R. MATHEWS
Attorney for Debtor

2

(VERIFICATION-446,2015.5 C.C.P.)

STATE OF CALIFORNIA
COUNTY OF HUMBOLDT } ss.

I am a party in the above entitled action. I have read the foregoing document and know the contents thereof and I do certify under penalty of perjury that the foregoing is true and correct, except as to those matters stated on information or belief and as to those matters I believe it to be true.

Dated:_____, at Eureka, California.

_____

(PROOF OF SERVICE BY MAIL—1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA
COUNTY OF HUMBOLDT } ss.

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action, my business address is:_____732 Fifth Street_____

Eureka, California.

On ____July 29,_____, 19 87, I served the within document on

the _____

in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Eureka, California, addressed as follows:
Philip M. Arnot, Inc., 307 N Street, Eureka, Ca. 95501
Internal REvenue Service, Attn: Thomas Mackinson, 160 Spear St.,
Room 504, San Francisco, California 94105

I certify, under penalty of perjury, that the foregoing is true and correct.

Executed on _____July 29, 1987_____, at Eureka, California.

_____
Bev Giacomini

MATHEWS & MATHEWS
Attorneys at Law
Box 1325
Eureka, California 95501
Telephone: 442-3758

Attorneys for Debtor

F I L E D
At_____o'clock &_____min._____M

IJUL 3 0 19..

PAUL C. KARNEY, JR, Clerk
U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

In re

FLOYD SQUIRES, III, et al.,

    Debtor.

No: 1-86-01289
Chapter 11

_____/

FOURTH AMENDMENT TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION

The debtor, Floyd Squires, III, makes the following
second amendment to the modified Chapter 11 Plan of Reorganiza-
tion filed on July 6, 1987:

Page 8 line 23:

Delete--"Eight (8) equal monthly installments of $2844.12
commencing with the month of July, 1987."

Insert:

"Ten (10) equal monthly installments of $2275.29
commencing with the month of July, 1987."

Page 9 lines 7-8, City of Eureka (water bill) balance due
$5289.39 repayment plan $146.92/mo for 36 months.

Page 5, line 20 item C:

1

C.   Home Federal S&L $61,742.71 repayment plan $683/mo (9.25%).

Page 8, line 6-1/2 item BB.

BB.  Home Federal S&L $13,068.16 repayment plan paid over 12 months.

Page 10 line 3:

Insert:   "Payments to Class VII creditors shall begin on the first of the month following the effective date of the plan."

Dated:   July 29, 1987

KENNETH R. MATHEWS
Attorney for Debtor

2

**(VERIFICATION-446,2015.5 C.C.P.)**

STATE OF CALIFORNIA          }
                            } ss.
COUNTY OF HUMBOLDT          }

I am a party in the above entitled action. I have read the foregoing document and know the contents thereof and I do certify under penalty of perjury that the foregoing is true and correct, except as to those matters stated on information or belief, and as to those matters I believe it to be true.

Dated:............................................., at Eureka, California.

_____

**(PROOF OF SERVICE BY MAIL—1013a, 2015.5 C.C.P.)**

STATE OF CALIFORNIA      }
                        } ss.
COUNTY OF HUMBOLDT      }

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action, my business address is............732 Fifth St...........................................................

Eureka, California.

On _____7/29/_____, 19 87 I served the within document on

the _____

in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Eureka, California, addressed as follows:

Dalton, Nord & Bicknell, Box 24, Eureka, Ca. 95501
Davis, McClendon & Poovey, 937 Sixth Street, Eureka, Ca. 95501
Norris & Norris, 2566 MacDonald AVenue, Richmond, California 9480

I certify, under penalty of perjury, that the foregoing is true and correct.

Executed on _____7/29/87_____, at Eureka, California.

_____
Bev Giacomini

1 │ MATHEWS & MATHEWS
  │ Attorneys at Law
2 │ Box 1325
  │ Eureka, California 95501
3 │ Telephone: 442-3758

4 │ Attorneys for Debtor

5

6

7

8

9

10

11

12          IN THE UNITED STATES BANKRUPTCY COURT FOR THE

13                  NORTHERN DISTRICT OF CALIFORNIA

14 │ In re

15 │ FLOYD SQUIRES, III,
   │ et al.,                              No:   1-86-01289
16
   │        Debtor.
17 │ _____/

18 │  FIFTH AMENDMENT TO MODIFIED CHAPTER 11 PLAN OF REORGANIZATION

19 │       The debtor,  Floyd Squires III, makes the following Fifth

20 │ Amendment to the Modified Chapter 11 Plan of Reorganization filed

21 │ on July 6, 1987:

22 │       Page 4,  lines 19-25, the debtor owes the Humboldt County

23 │ Tax Collector  an unliquidated sum.  The sum owed the Humboldt

24 │ County Tax Collector shall be liquidated by the claims and

25 │ objection to claims procedure,  The debtor will pay the

26 │ liquidated amount owed to the Humboldt County Tax Collector with

                                1

1   deferred  cash  payments of a value as of the effective  date  of

2   this  plan of the allowed amount of such claim over a  five  year

3   term  from  the date of assessment.  The interest rate used  in

4   computing  the  present  value  of  the  debtor's  deferred  cash

5   payments will be 8.5%.

6           Page  5,  line 2-7:  The debtor will pay the  liquidated

7   amount owed to the I.R.S.  with deferred cash payments of a value

8   as  of the effective date of this plan for the allowed amount  of

9   such  claim  over a five year term from the date  of  assessment.

10  The  interest  rate  used in computing the present value  of  the

11  debtor's deferred cash payments will be 8.5%.

12          Page 6,  line 1:  H. Ima Lamb, $124,900; $1500 per month

13  (9%).
        Page 8, line 19:  KK.  Ima Lee Lamb, $1500, $20.63 per month.
    A period of 72 months.
14      Page 7,  line 4:  The provision for skipped payments  on

15  page  10 of this Modified Plan of Reorganization shall not  apply

16  to Beneficial California, Inc.

17  Dated:  August 6, 1987

18                            Kenneth R. Mathews
                              Attorney for debtor
19

20  APPROVED AS TO FORM:

21  HUMBOLDT COUNTY COUNSEL

22  By:
    Richard Mule
23

24  MICHAEL ZUKERNICK
    Special Assistant United States Attorney
25

26

MATHEWS
> AT LAW
X 1225
STREET
LIFORNIA

2

William McClendon
Attorney for Beneficial California, Inc.

4

Larry Myers
Attorney for Ima Lee Lamb

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

A MATHEWS
TS AT LAW
OR 1325
H STREET
CALIFORNIA

3

Mathews & Mathews
Attorneys at Law
P.O. Box 1325
Eureka, California 95501
Telephone:  442-3758

Attorneys for Debtor

F I L E D
At_____o'clock &_____min.____M

'JUL  6 1987

PAUL C. KARNEY, JR., Clerk
U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

In re

FLOYD SQUIRES, III,                          No. 1-86-01289
et al                                        Chapter 11

        Debtor
_____/

MODIFIED CHAPTER 11 PLAN OF REORGANIZATION
JULY 6, 1987
FILED BY FLOYD SQUIRES, III, DEBTOR

I.   INTRODUCTION:

    The debtor, Floyd E. Squires III, filed his petition under

Chapter 11 of the Bankruptcy Code on August 8, 1986.

    The primary purpose in filing the Chapter 11 Petition was to

deal with the debtor's arrearages on secured obligations as well

as aged accounts payable.

    On June 16, 1987, creditor Brian J. Silver, was granted relief

from stay as to the real property generally known as 705 15th

Street, Eureka, Humboldt County, California.

    On July 1, 1987, the claim of creditor Alvin Backues, Jr., was

estimated for the purposes of this Chapter 11 Reorganization as

(1) Zero ($0) Dollars general damages (creditor to pursue debtor's

1

insurance policy); and (2) Fifty Thousand ($50,000) Dollars punitive damages under the provisions of 11 USC Section 502(c). It is expressly provided that the estimation of the claim of Alvin Backues, Jr., for the purposes of this debtor's reorganization shall have no res judicata effect.

Except as expressly set forth hereinabove, the debtor has remained in control of his own financial affairs and in possession of the assets described in his statement and schedule of affairs and in his disclosure statement and amendment to disclosure statement.

II. DEFINITIONS:

For the purposes of this Plan of Reorganization, the following definitions shall apply:

"Claim" shall mean a duly listed, or timely filed proof of claim.

"Contingent Fund" shall mean the non-cash proceeds realized from the sale of the debtor's assets, if any, together with any interest earned thereon, which contingent fund is to be established and administered in accordance with the provisions of Article IV below.

"Court" shall mean the United States Bankruptcy Court for the Northern District of California in which this case is presently pending.

"Creditors" shall mean all creditors of the debtor holding claims for unsecured debts, liabilities demands, or claims of any character whatsoever.

2

HWS & MATHEWS
DONNTS AT LAW
. O. BOR 1355
9 FIFTH STREET
HA, CALIFORNIA

"Creditor's Committee" shall mean the creditor's committee appointed by order of this court, the members thereof, and any successor members.

"Creditor's Fund" shall mean the cash proceeds realized from the sale of the debtor's assets, if any, and from the debtor's future income, which creditor's fund is to be established and administered in accordance with the provisions of Article IV below.

"Debtors" shall mean Floyd E. Squires, III.

"Effective Date" shall mean the date on which the order confirming this plan of reorganization becomes final and non appealable, or the date on which cash proceeds sufficient to satisfy payment of all claims as provided for by Article IV of the plan have been received by the debtors, whichever date may be later.

"General Unsecured Claims" shall mean all claims held by creditors of the debtors, other than secured claims, and shall include claims arising out of the rejection of executory contracts, if any.

"Lien" shall mean a deed of trust, a pledge, a judgment lien, security interest, charging order, or other charge or encumbrance on the debtor's property effective under applicable laws as of the date of the debtor's petition for reorganization.

"Plan" shall mean the plan of reorganization in its present form or as it may be amended or supplemented.

"Secured Claims" shall mean all claims secured by liens on the

3

property of the debtors, which liens are valid, perfected, enforceable under applicable law, are not subject to a voidance under Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case.

## III. CLASSIFICATION OF CLAIMS AND INTERESTS:

For the purposes of distribution under this plan, claims and secured claims, are divided into the following classes:

Class I. These creditors are those who are entitled to a priority in payment under the provisions of the Bankruptcy Code and are to be paid in full from cash on hand at the time of the court's confirmation of this plan, except to the extent that these liabilities may deferred and payment made voluntarily. This class consists of the costs of administration. The claim of the debtor's attorney for work in connection with this case is a Class I claim. The amount payable to the debtor's attorney will be subject to approval of this court following the confirmation of this plan. Class I claims will be paid by the debtor on a monthly basis in the 60 months following confirmation of this plan.

Class II. These creditors are existing tax liabilities. The debtor owes a total of $20,000.00 to the Humboldt County Tax Collector. This consists of a $13,900.00 arrearage plus there is current $6100.00 due. The debtor intends to pay the Humboldt County Tax Collector over the period of 72 months by making quarterly installments of $833.33. This amounts to a monthly set aside for this obligation of $277.78.

The debtor owes the IRS an unliquidated sum. The sum owed the

4

IRS  shall  be liquidated by the claims and  objection  to  claims procedure.    The debtor will pay the liquidated amount owed to the IRS  with  deferred cash payments of a value as of  the  effective date  of this plan of the allowed amount of such claim over a  six (6)  year term.    The interest rate used in computing the  present value  of the debtor's deferred cash payments will be the rate set forth in Internal Revenue Code Section 26 USC Section 6621.

Class  III.   These creditors are  secured  creditors.    Their security  consists of the items of improved real property referred to  in the debtor's schedule and statement of affairs and  in  the disclosure  statement.   The debtor intends on making payments  to secured  creditors in the following amounts and it should be noted that  the  interest  rate on all obligations  is  changed  to  the percentage figure after the stated monthly amount.   Those  payments are as follows:

| CREDITORS | BALANCE DUE | REPAYMENT PLAN |
|---|---|---|
| A.   Imco Realty | $22,900.00 | $166.03/mo. (8%) |
| B.   Great Western S & L | $29,300.00 | $246.39/mo/ (9-1/2%) |
| C.   Home Federal S & L | $51,900.00 | $501.00/mo. (9-1/2%) |
| D.   First Security S & L | $26,900.00 | $776.00/mo. (17%) |
| E.   Floyd Squires, Jr. | $34,800.00 | $292.61/mo. (9-1/2%) |
| F.   First Security S & L | $64,100.00 | $484.00/mo. (17%) |
| G.   Poscic Co., Inc. | $241,857.00 | $2250.00/mo. (8%) |

5

|   | H. | Ima Lamb | $124,900.00 | $1050.22/mo. (9-1/2%) |
|---|----|----------|-------------|------------------------|
| 3 | I. | Warren Fisher | $58,100.00 | $486.53/mo. (9-1/2%) |
| 4 | J. | John Cavegn | $16,849.00 | $141.67/mo. (9-1/2%) |
| 5 6 | K. | John McBeth, et al | $54,201.00 | $455.75/mo. (9-1/2%) |
| 7 | L. | John McBeth, et al | $6,000.00 | $50.00/mo. (0%) |
| 8 9 | M. | Imco Realty | $26,867.00 | $225.91/mo. (9-1/2%) |
| 10 | N. | Brian Silver | See Exhibit A attached hereto. | |
| 11 | O. | John Cavegn | $88,000.00 | $739.95/mo. (9-1/2%) |

12   ₲-w̵   Beneficial
13      (Note modification to allow partner Darlene Fox to withdraw from the partnership on this property.)

14   P.   First Security          $56,000.00          $651.00/mo.
15                                                     (14%)

16      All   secured obligations with Beneficial California  Inc.  are

17   modified as follows:

18      (1)   The interest rates on all secured obligations are changed

19   to 13% per annum;

20      (2)   Monthly  payments  on all secured  obligations  will   be

21   adjusted to provide for a 15 year amortization;

22      (3)   The debtor will make payment to Beneficial with certified

23   funds;

24      (4)   Monthly payments are due on the first of each month   and

25   the  debtor shall be in default to Beneficial if payments have not

26   been received by the 11th of each month;

        (5)   The terms of this arrangement shall begin with the   month

6

of July,  1987.    Creditors subordinate (junior secured creditors)
to Beneficial California Inc.  will be further subordinated to the
extent  necessary to amortize the existing financing to the   terms
set forth above.

Confirmation  of  this modified plan of  reorganization   shall
operate  to cure any default of any real estate security agreement
notwithstanding that by the terms of the security agreement or   by
the  law  or  processes  of  a  governmental  unit  the  time   for
redemption or reinstatement has expired.    In the event the debtor
                                        claim
fails  to  make  any payment to a Class III/called for  under   the
terms of this modified plan of reoganization by the 10th  calendar
day  following the date the payment is due,  relief from the   stay
provisions of 11 USC Section 362 shall be granted twenty (20) days
from  the  date  of  the filing of a declaration  by  the  secured
creditor  stating  the  amount that is due  and  unpaid  and  that
creditor  shall  then  be  allowed  to  pursue  his  rights  under
applicable state laws.

If there exists Class III creditors not named in this Modified
Plan  of  Reorganization holding statutory or other liens  against
debtor's real estate and the obligation is fully due,  for reasons
other than exercise of a power of acceleration for failure to make
installment payments, unless the court under Section 362(d) orders
otherwise, debtor will pay said claim directly to said creditor in
full  on  or  before  six  (6)  months  following  the  date   of
confirmation  of this plan or six (6) months from the  date  claim
matures, whichever is later.

7

A MATHEWS
115 AT LAW
BOX 1326
1H STREET
CALIFORNIA

Class  IV.   This  class  consists  of  arrearages  on  secured
obligations.   The  debtor  intends  on  making  payment  on  these
arrearages as follows:

| CREDITOR | | BALANCE DUE | REPAYMENT PLAN |
|---|---|---|---|
| AA. | Francis Mathews | $5500.00 | $458.33 over 12 months |
| BB. | Home Federal S & L | $3082.98 | Paid over 12 months |
| CC. | First Security S & L | $4656.00 | $388.00 over 12 months |
| DD. | First Security S & L | $2904.00 | $242.00 over 12 months |
| EE. | Poscic Co. Inc. | $9000.00 | $125.00 over 72 months |
| FF. | Great Western S & L | $329.39 | $27.44 over 12 months |
| GG. | Warren Fisher | $4725.00 | $393.75 over 12 months |
| HH. | John Cavegn | $8000.00 | $111.11 over 72 months |
| II. | Darlene Fox | $6100.00 | $84.72 over 72 months |
| JJ. | First Security | $5128.00 | $427.33 over 12 months |

The  debtor  owes  $29,752.90  arrearages  to  Beneficial
California,  Inc.   These  arrearages are on six  (6)  properties.
These  arrearages  will  be paid by:  (1)  $7000.00  payment  upon
confirmation  of  this  plan;  and  (2) eight  (8)  equal  monthly
installments of $2,844.12 commencing with the month of July, 1987.
Payment  of  arrearages  is due on the 1st of the  month  and  the
debtor will be in default if Beneficial California,  Inc., has not

8

received the payment by the 11th of the month.

The arrearages owed to Home Federal will be paid off within one year following the effective date of this plan.

Class V.  This class consists of amounts owed to utilities. The debtor intends on making payments to utilities as follows:

| UTILITY | BALANCE DUE | REPAYMENT PLAN |
|---|---|---|
| City of Eureka (Water bill) | $4000.00 | $150.00/mo for 26 months |
| City Garbage (City Garbage to reactivate service to the California Apartments) | $1000.00 | $16.67/mo for 5 years |

Class VI.  This class consists of unsecured business creditors.  The debtor intends on making payments to unsecured business creditors as follows:

| CREDITOR | BALANCE DUE | REPAYMENT PLAN |
|---|---|---|
| Ned Jennings | $2900.00 | $200.00/mo. |
| Francis Mathews | $7467.00 | $300.00/mo. |

Class VII.  This class consists of unsecured business creditors to whom the amounts owed are unliquidated or disputed or both.  The debtor intends on making payments to these creditors as follows:

| CREDITOR | BALANCE DUE | REPAYMENT PLAN |
|---|---|---|
| First Interstae Bank | $9400.00 | $7500 @ $100/mo. |
| McMurray & Sons | $15,000.00 | $15,000 @ $625/mo. |
| Cindy Burrows | $195.00 | -0- |
| Monica McCann | $400.00 | -0- |
| Humboldt County | $1500.00 | -0- |

9

| Katherine Wittman – | **unknown** amount | |
| | Claimant deceased | -0- |
| Wells Fargo | **$2417.00** | -0- |

If there exists any **allowed** general unsecured claims not named in this Modified **Plan of Reorganizaton**, debtor will pay 75% of the amount allowed in full satisfaction thereof over a period of ? months.

Class VIII. This **class** consists of the claim of Alvin Backues, Jr., for **punitive damages**. The debtor will pay the allowed amount of said claim in full over a period of three (3) years (years 6 through 8).

## VIII.  MEANS FOR EXECUTION OF THE PLAN:

The debtor shall **implement** the terms of this plan by continuing in possession of his business. The financial resources for payments required to be made pursuant to this plan shall come from the debtor's monthly rental income and commissions from his work as a real estate agent.

The debtor's obligations to make any payment pursuant to this plan is subject to the debtor's right, at the debtor's election and at the debtor's sole discretion, to make six skipped payments during the period the plan remains in existence. The skipped payment would permit the debtor to fail to make six monthly payments during the period the plan remains in existence. The skipped payment would permit the debtor to fail to make six monthly payments during the period the plan remains in existence to all creditors without going into default to any creditor. An additional payment will be required to be made at the end of the

10

plan  for  each payment missed as a skipped  payment.    The  tota

number of monthly payments required to be made shall not vary as a

result of a skipped payment.  No interest shall accrue as a result

of a skipped payment.

IX.   CLASSES NOT IMPAIRED UNDER THE PLAN

Class  1 creditors are the only class of creditors who are not

impaired by this plan.

X.   EXECUTORY CONTRACTS:

The  right to reject,  prior to  confirmation,  any  executory

contract is specifically reserved.

XI.   RETENTION OF JURISDICTION:

The  court  shall  retain  jurisdiction  of  this  case  after

confirmation until all payments and distributions called for under

the plan have been made and until the entry of a final decree,  in

respect to the following matters:

A.    To enable any party in interest to consummate any and all

proceedings  that it may bring prior to confirmation to set  aside

liens, or to recover any preferences, transfers, assets or damages

to which it may be entitled under the provisions of the Bankruptcy

Code or other federal or state law;

B.    To  adjudicate all claims to any lien on any property  of

the debtor or any proceeds thereof;

C.    To adjudicate all claims or controversies arising  during

the pendency of this Chapter 11 case.

D.    To  recover  all  assets  and properties  of  the  debtor

wherever located,  to the extent necessary for the consummation of

11

this plan;

E. To allow or disallow any claim;

F. To determine the propriety of the terms and conditions of the sale of any property of the debtor upon objection to sale by any party in interest. The debtor is required to give 30 day notice of sale of all property of the estate setting forth the relevant terms of the sale to any creditor holding a security interest in the property subject to sale;

G. To make such orders as are necessary or appropriate to carry out the provisions of this plan.

XII. EVENTS OF DEFAULT:

It shall constitute a material breach of this plan as defined under 11 USC Section 1112(b)(8) if any of the following events occur prior to the sixth (6th) anniversary of the effective date of this plan:

(a) Failure of the debtor to make any payment when due under the terms of this plan; or

(b) Breach by the debtor of any other provision of this plan

XIII. DISPUTED CLAIMS: OBJECTIONS TO CLAIMS:

Any party in interest may file an objection to any claim within 30 days after the date the order confirming the plan becomes final and non-appealable. Objections not filed within such time shall be deemed waived.

Dated: July 6, 1987.

MATHEWS & MATHEWS

BY:
Attorneys for Debtor

nj

12